**DON LEE BROADCASTING SYSTEM v. FEDERAL COMMUNICATIONS COMMISSION (MAGNOLIA PARK, Limited, et al., Interveners).**

No. 6158.

United States Court of Appeals for the District of Columbia.

Argued Dec. 12, 1934.

Decided March 11, 1935.

John W. Guider, D. M. Patrick, and Karl A. Smith, all of Washington, D. C., for appellant.

Paul D. P. Spearman, George B. Porter, John W. Weekes, and Fanney Neyman, all of Washington, D. C., for appellee.

John M. Littlepage, of Washington, D. C., for interveners.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decision of the Federal Radio Commission (now the Federal Communications Commission) upon five certain applications for broadcasting station construction or other permits, which were jointly heard by the Commission.

The first application was filed by Earle C. Anthony, Inc. (Station KECA), Los Angeles, Cal., for a modification of the radio license for that station, whereby its frequency of operation should be changed from 1,430 to 780 kilocycles.

The second application was filed by James McClatchy Company (Station KFBK), Sacramento, Cal., for a construction permit changing the frequency of that station from 1,310 to 1,430 kilocycles and increasing its power from 100 to 500 watts with unlimited time of operation.

These applications were given a public hearing by the Commission, and were both

denied. No appeal has been prosecuted from the orders denying them; and by a stipulation contained in the record it is conceded that the findings of the Commission in respect to these stations are supported by substantial evidence. Accordingly they need no further mention in this opinion.

The three other applications concurrently heard by the Commission were as follows: (1) An application by Don Lee Broadcasting System for a construction permit for a new station to be located at Redlands, Cal. The assignment requested was for a frequency of 780 kilocycles, power 500 watts, and unlimited time of operation. (2) An application by Pickwick Broadcasting Corporation (Station KTM) of Los Angeles, Cal., for a renewal of the license of the station with a frequency of 780 kilocycles, sharing time with Station KELW, and also for permission to make a voluntary assignment of the license to the Evening Herald Publishing Company of Los Angeles. (3) An application by Magnolia Park, Limited (Station KELW), Burbank, Cal., for a renewal of its station license and permission for a voluntary assignment thereof to the Evening Herald Publishing Company, continuing its present frequency at 780 kilocycles, power 500 watts, time of operation to be shared with Station KTM. These applications were heard together in June, 1933, and the applications of the Pickwick Broadcasting Corporation (KTM) and Magnolia Park, Limited (KELW), were granted. The application of the Don Lee Broadcasting System was denied, whereupon the present appeal was brought by the applicant for a reversal of that order.

The following provision appears in section 402 (e) of the Communications Act of 1934 (48 Stat. 1064, 47 USCA § 402 (e), in relation to such appeals from the Commission to this court: "Provided, however, That the review by the court shall be limited to questions of law and that findings of fact by the Commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the Commission are arbitrary or capricious. * * * "

■■■ The application of Don Lee Broadcasting System contemplates and requests permission to construct an entirely new broadcasting station at Redlands, Cal. The application requests a frequency of 780 kilocycles which is the same frequency which is in use by Stations KTM and KELW, and for which they are herein applying for a renewal. In order to bring about an equalization of broadcast facilities among the states and zones in accordance with the unit and quota figures promulgated by the Commission, the following rule was adopted by the Commission, to wit: Where a zone has already in use its pro rata share of facilities, the Commission will not allocate any more facilities to that zone which would increase its quota; and applications from states which now have their quotas or from states which are overquota should be for facilities already in use in that state. In compliance with this rule, the application of Don Lee Broadcasting System specifically requested the assignment to it of the facilities of Stations KTM and KELW. In other words, it asked that the frequency of 780 kilocycles should be withdrawn from those two stations and granted exclusively to the station which it proposed to construct, thus requiring the deletion of Stations KTM and KELW. In order to sustain such an application, the applicant must clearly prove that the public interest, convenience, and/or necessity require such action.

It appears that Redlands, Cal., is approximately 55 miles from Los Angeles. The population within 1 mile of Redlands is about 12,500; within 5 miles 18,500; within 7 miles 31,000; within 15 miles 86,000; within 22 miles 112,000; and within 30 miles 205,000. The greater part of this population is in the direction of Los Angeles, and much of it is located almost as near to the one city as the other. The nearest station to Redlands is KFXM, 100 watts power, at San Bernardino, 8 miles distant, and a satisfactory signal is received from it in Redlands and vicinity. The only station which renders a consistently satisfactory service throughout the entire area is KFI, a 50-kilowatt station upon a clear channel, located at Los Angeles, of which Earle C. Anthony, Inc., supra, is the licensee. Fair reception is possible also from KNX, a 25-kilowatt clear channel unlimited time station, located at Los Angeles, and from other high-powered stations.

Upon these facts the Commission held that the applicant, Don Lee Broadcasting System, had not shown substantial need for the establishment of additional service in the city of Redlands, Cal., and especially is this true when, in order to establish such service, the service of existing Stations KTM and KELW would necessarily be deleted.

Stations KTM and KELW request a renewal of their licenses, and, in addition, authority to assign the same to the Evening Herald Publishing Company. KTM is located at Los Angeles, and has been in operation since 1925. It employs 14 persons in the operation of the station, and in addition to these a staff orchestra, a staff organist, and a staff tenor. Full-time salesmen are also employed regularly. It operates from 6 a. m. to 10 a. m.; 1 p. m. to 5 p. m.; and 8 p. m. to 4 a. m. during each 24-hour period. The station has been used by the American Legion, the Red Cross, the Los Angeles Bar Association, and various other civic and charitable organizations.

Station KELW is located at Burbank, Cal., and has been in operation for about 10 years, sharing time with Station KTM and licensed to Magnolia Park, Limited. The station operates daily from 4 a. m. to 6 a. m.; 10 a. m. to 1 p. m.; and 5 p. m. to 8 p. m. The program during the period of 4 to 6 a. m. is in Spanish, and this program is especially desirable to a large population in the San Fernando Valley. A Jewish program is also broadcast weekly. Station KELW is available to and used by schools, charitable, fraternal, and civic organizations, and the station has given freely of its time to such organizations for such purposes.

The Commission held that Stations KTM and KELW have continuously rendered an acceptable radio broadcasting service, and it appears that the licensees of these stations are in a position to continue to render such service; also that public interest, convenience, and/or necessity would be served by the granting of the application of these stations for renewal of licenses.

The Evening Herald Publishing Company, the proposed assignee of KTM and KELW, is the publisher of an important Los Angeles newspaper owned and controlled by the Hearst interests. The company has offered to purchase the equipment and apparatus of Stations KTM and KELW, paying the licensees a reasonable amount therefor subject to the approval of the Commission to the voluntary assignment of the licenses. It is the only applicant which makes such an offer. The service which the publishing company proposes to render to the public would be undoubtedly of high character and great value to the public.

The Commission accordingly held that the application of Don Lee Broadcasting System for a construction permit should be, and it was, denied; and that the applications of Stations KTM and KELW for renewal of license and for consent to a voluntary assignment of their licenses to the Evening Herald Publishing Company should be granted, and it was so ordered.

In our opinion, the foregoing decision of the Commission is founded upon substantial evidence, and is not arbitrary or capricious. It is therefore affirmed.